# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00156-MR
# [CRIMINAL CASE NO. 4:96-cr-00056-MR-1]

| | |
|---|---|
| TIMOTHY LAMONT RUFF, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Docs. 1, 4][1]; the Petitioner's "Motion for Summary Judgment" [CV Doc. 26]; the Petitioner's "Motion for Reconsideration for Resentencing" [CV Doc. 28]; and the Petitioner's "Addendum for Resentencing" [CV Doc. 30].

## I. BACKGROUND

The Petitioner pleaded guilty to one count of conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); one count

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00156-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 4:96-cr-00056-MR-1.

of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and one count of using a firearm in furtherance of a crime of violence, that is, the Hobbs Act robbery set forth in Count Two, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three). [CR Doc. 68]. The Court sentenced the Petitioner to a total of 360 months' imprisonment. [Id.]. The Petitioner unsuccessfully appealed the Court's judgment. [CR Docs. 70, 80, 81]. The Fourth Circuit also denied the Petitioner's later request for mandamus relief. [CR Doc. 98]. The Petitioner subsequently filed four unsuccessful Section 2255 motions to vacate challenging his conviction and sentence.

Following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the Petitioner sought and obtained authorization from the Fourth Circuit to file a second or successive motion to vacate. [CR Doc. 133]. On June 6, 2016, the Petitioner commenced this action by filing a motion to vacate (styled "Addendum") pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In the motion to vacate, Petitioner contends that his Hobbs Act robbery offense no longer qualifies as a "crime of violence" in light of Johnson. Consequently, the Petitioner asserts that his Hobbs Act offense likewise cannot support his § 924(c) conviction and such conviction must be

2

vacated. [Id.]. The Petitioner also argues that, in light of Johnson he was improperly classified as a Career Offender.[2] [Id.].

On June 16, 2016, another Section 2255 motion to vacate, also based on Johnson, was filed by the Federal Defenders of North Carolina on the Petitioner's behalf. [CV Doc. 4]. This counseled motion challenges only the Petitioner's § 924(c) conviction and does not assert any challenge to his designation as a Career Offender. [Id.].

On August 24, 2016, this Court granted the Government's motion to stay this action pending a decision by the Fourth Circuit Court of Appeals in the cases of United States v. Ali, No. 15-4433 (4th Cir.) and United States v. Simms, No. 15-4640 (4th Cir.). On February 19, 2019, this Court granted the Government's motion to continue holding this case in abeyance pending a decision by the United States Supreme Court in United States v. Davis, No. 18-431 (cert. granted Jan. 4, 2019). [CV Doc. 16]. The Court also ordered that the Government would have 60 days from the date the Supreme Court issues its decision in Davis within which to file its response in this matter. [Id.].

---

[2] The Petitioner also appears to assert a Johnson challenge to the calculation of his base offense level under U.S.S.G. § 2K2.1. [CV Doc. 1]. However, the Petitioner's base offense level was calculated pursuant to U.S.S.G. § 2B3.1, the guideline applicable to Hobbs Act robbery.

3

On May 20, 2019, the Court granted the Petitioner's motion to terminate the Federal Defenders' representation of the Petitioner. [CV Doc. 19]. The case, however, remained stayed pending a decision in Davis.

On June 24, 2019, the Supreme Court issued its decision in Davis. United States v. Davis, 139 S. Ct. 2319 (2019). On June 25, 2019, the Court entered a text order lifting the stay in this case and instructing the Government to file a response within thirty (30) days. The Government filed its Response in Opposition on August 23, 2019. [CV Doc. 29].

During the pendency of this matter, the Petitioner has filed multiple motions for "resentencing," which the Court has denied. [See CV Doc. 27]. Currently pending are the Petitioner's "Motion for Summary Judgment" [CV Doc. 26]; a "Motion for Reconsideration for Resentencing" [CV Doc. 28]; and an "Addendum for Resentencing" [CV Doc. 30].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter

can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Petitioner moves to vacate the conviction he received under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a "crime of violence."  The predicate for that offense, however, the Petitioner's substantive Hobbs Act robbery conviction, remains a "crime of violence" today.  The Fourth Circuit recently held that a Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).  See United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019).  That the residual clause of the statute is unconstitutionally vague, therefore, does not affect the validity of the Petitioner's Section 924(c) conviction.

To the extent that the Petitioner challenges his designation as a career offender or any other aspect of his Guidelines calculation under Johnson, the Petitioner's argument is foreclosed by Beckles v. United States, 137 S. Ct. 886, 890 (2017) ("the advisory Guidelines are not subject to vagueness challenges").

Finally, to the extent that the Petitioner seeks reconsideration of the Order denying his motions for resentencing [CV Docs. 28, 30], those motions

5

are also denied.  The Court finds no basis in fact or law to reconsider its prior Order.  [CV Doc. 27].

For the foregoing reasons, the Petitioner's motion to vacate is denied and dismissed, and his other motions are denied.  The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  <u>See generally</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Miller El v. Cockrell</u>, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000)).  The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the motion to vacate states a debatable claim of the denial of a constitutional right.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.  <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Docs. 1, 4] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that the Petitioner's "Motion for Summary Judgment" [CV Doc. 26]; the Petitioner's "Motion for Reconsideration for Resentencing" [CV Doc. 28]; and the Petitioner's "Addendum for Resentencing" [CV Doc. 30] are all **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 24, 2019

Martin Reidinger
United States District Judge